BREAUX, C. J.
The defendant was indicted on the charge of having had his name entered on the city pay roll as one of its employés and with having received $30 for services, although no services were performed by him.
In other words, the indictment charged defendant with having obtained money without *229 personally having rendered service therefor.
While the able and learned district attorney did only that which was his duty in drawing the indictment, we, as interpreters of the law, have to ascertain whether the act can be given sufficient effect to sustain the indictment.
The defendant was indicted under Act 155 of 1888, which sets forth that a person who knowingly permits his name to be carried on a pay roll of a public corporation as an employé and receives pay for services not actually rendered shall be guilty of obtaining money under false pretenses and subject to punishment at hard labor, or, without hard labor, for a period not exceeding 12 months.
A demurrer was filed by defendant and sustained by the district court. The grounds of the demurrer were that the indictment charged, in effect, that he in person had not actually rendered any services as elevator tender in the criminal district court.
There is no question but that nothing can be added in law to the words of the act. Although there is no necessity to use the words of the act, it is not legal to go further than expressed in the act.
The difficulty is that the language used in the act does not admit of the use of the additional words of the indictment. They are not within the intendment of the act. There is a difference between receiving salary for services “not actually rendered,” and receiving pay for services “not actually performed” by the one by whom the salary is collected. The former is within the intendment of the act; the latter is not.
If the indictment be law, every time an officer or an employé does not himself do the work for which he collects the salary, under any circumstance, he violates the law, and should be punished. That was not the intention of the act.
If the indictment were sustained, It would have to be considered as law.
A defendant cannot be prosecuted under an illegal indictment. The demurrer puts the question directly before the court; it must be overruled or maintained. If the case were remanded and evidence admitted, whatever would be proven would not justify the court in condemning the defendant, if the indictment is not sustained by the act.
The learned and energetic prosecuting officer states in the brief that he does not think that it requires argument to sustain the proposition that “the elimination of control of public officers over the employés subject to their supervision will preclude efficient service.”
Of this, we entertain no doubt and entirely agree with the statement. We must add, however, that it does not follow because of the difference in the indictment and the act in question that supervision must necessarily be affected and diminished.
The following will serve to illustrate: The average private employé who employs an unskilled workman to do certain work, and lets him have a free hand in doing the work in his absence, on his return, if the work is properly done, has to accept and pay for it, although others have assisted or have done all the work. But if the employé deemed, for good reason, that his workman must himself perform the work, and so directs, he must comply with the direction.
A civil corporation has greater authority and supervision, and its supervision, has or should have complete control. Nothing less.
For reasons assigned, it is therefore ordered, adjudged, and decreed that the judgment appealed from is hereby affirmed.
See dissenting opinion of LAND, J., 57 South. 899.