(88 South. 823)

No. 24640.

STATE v. SIMONE.

In re SIMONE.

(May 30, 1921.)

*(Syllabus by the Court.)*

**1. Criminal law ⬤≔105—Plea to territorial jurisdiction may be filed at any time.**

A plea to the territorial jurisdiction of a court may be filed at any stage of the prosecution in a criminal case, and, if it be well founded, all that is done or may be done therein is and will be coram non judice.

**2. Criminal law ⬤≔108(1)—False pretenses within jurisdiction of court of parish in which money was obtained.**

The crime of obtaining money by false pretenses is within the jurisdiction of the court of the parish in which the money was obtained, though the false pretenses may have been made or uttered elsewhere.

Joseph Simone was charged with having obtained money under false pretenses, and, his exception to the jurisdiction and motion to have information quashed having been overruled, he petitions the Supreme Court for writs of certiorari and prohibition. Rule nisi made absolute, and writ of prohibition issued as prayed for.

Warren Doyle and Loys Charbonnet, both of New Orleans, for relator.

### Statement of the Case.

MONROE, C. J. It appears that, in July, 1920, the grand jury of the parish of St. Bernard returned four indictments charging relator with having obtained money under false pretenses, that demurrers were filed, and that, on February 24, 1921, the proceedings were nol. pros'd, and bills of information were filed, charging the same offenses. On April 18 following relator was arraigned and pleaded not guilty, and the cases were set for trial on April 29, upon which day relator, through counsel, filed (in each case) a plea to the jurisdiction of the court, upon the ground that the offense charged had been committed, if at all, in the parish of Orleans, and beyond the jurisdiction of the district court for the parish of St. Bernard. A motion to quash was also filed, reading in part as follows: "And now comes into court Joseph Simone, the defendant herein, * * * and, with leave of the court first granted, withdraws his plea of not guilty" and moves the court to "quash the said information * * * for this, to wit" (one of the grounds alleged being that the court was without jurisdiction "to try the said cases or to put said defendant on his trial"). And there was filed, at the same time, an agreement in writing, signed by counsel for relator and the prosecuting officer, to the effect that the witnesses in the case, if called before the court, would testify that the false pretenses were made in the parish of St. Bernard, and the money obtained thereby was so obtained and received in the parish of Orleans.

The exception and motion having been overruled, relator's counsel, after notice to the judge, presented to this court a petition for writs of certiorari and prohibition, and a rule nisi having issued thereon, and return made thereto, we are now to consider the question presented.

### Opinion.

[1, 2] The respondent judge alleges, as in support of the ruling complained of, that the plea of not guilty had not been withdrawn when the exception to jurisdiction and motion to quash were filed, and hence that the latter were not before the court and were properly overruled. We pretermit the question whether, in permitting the filing and placing upon the minutes of the court the

motion to quash, containing the recital "with leave of the court first obtained withdraws his plea of not guilty," the respondent judge did not authorize the withdrawal so recited; for it was competent to call the attention of the court to its lack of territorial jurisdiction at any time, since, no matter to what stage the case may have proceeded, if such jurisdiction had not been vested in it, it had no more power to proceed with the trial at one time than another, and everything done before it was and would be coram non judice.

"The jurisdictional question may be raised by plea in limine, either before or after plea, during the course of the trial, if it should then appear by motion in arrest of judgment or by writ of error." Wharton's Cr Procedure, vol. 2, § 1350; Clark's Cr. Procedure, § 130, p. 375.

"The Constitution of this state (article 9) provides; that 'all trials shall take place in the parish where the offense was committed, unless the venue be changed.'" State v. Montgomery, 115 La. 155, 38 South. 949.

"The crime of obtaining money or property by false pretenses is within the jurisdiction of the courts of the state in which the money or property was obtained, although the false pretenses may have been uttered elsewhere." 12 Cyc. p. 211.

See, also, Clark & Marshall on Crimes, p. 759, § 501; McClain on Cr. Law, vol. 1, § 696; Sims v. State, 28 Tex. App. 447, 13 S. W. 653; Bates v. State, 124 Wis. 612, 103 N. W. 251, 4 Ann. Cas. 365; Norris v. State, 25 Ohio, 217, 18 Am. Rep. 291; Commonwealth v. Karpewski, 167 Pa. 225, 31 Atl. 572; Connor v. State, 29 Fla. 455, 10 South. 891, 30 Am. St. Rep. 126; State v. Shaeffer, 89 Mo. 271, 1 S. W. 293; R. C. L. p. 854; Bish. Cr. Law, vol. 2, p. 854.

It is therefore ordered that the rule nisi herein issued be made absolute, and that the writ of prohibition be now issued as prayed for.