(99 South. 205)

No. 26400.

### STATE v. ROY.

(Feb. 4, 1924.)

*(Syllabus by Editorial Staff.)*

**Criminal law ⬤⟝112(5)—Court did not have jurisdiction where money was obtained on drafts and check in another parish.**

Where part of the money obtained by false pretenses was represented by cashier's check, issued by a bank in Rapides parish and sent to defendant in Red River parish and deposited by him in a bank there, and the balance by sight drafts drawn and deposited by defendant in a bank in Red River parish, where he was given credit therefor, and sent to the drawee who was in Rapides parish, and honored by him on presentation, *held*, that the district court of Rapides parish did not have jurisdiction, the act of receiving the money not having taken place there.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; J. A. Williams, Judge.

T. C. Roy was charged with obtaining money by a false pretense. The indictment was quashed, and the State appeals. Affirmed.

A. V. Coco, Atty. Gen., Cleveland Dear, Dist. Atty., of Alexandria (T. S. Walmsley, of New Orleans, and A. J. Bordelon, of Marksville, of counsel), for the State.

Nettles & Bethard, of Coushatta, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. The state has appealed from a judgment quashing an indictment for the crime of obtaining money by a false pretense. The reason for the judgment was that the court was without jurisdiction.

It is charged in the indictment that defendant received $2,587.55 more than he was entitled to receive, from one J. T. Powers, on a false representation on the part of defendant, as to the number of cross-ties he had manufactured for Powers.

The plea to the jurisdiction of the district court for the parish of Rapides was submitted on a statement of facts admitted by the prosecuting attorney and by defendant's attorneys. The contention of defendant's attorneys is that, if he was guilty of the crime, it was consummated or completed in the parish of Red River, where the money was obtained. Of the amount received by defendant, $500 was represented by a cashier's check, issued by the Guaranty Bank in Alexandria, in Rapides parish, on the Marine Bank & Trust Company, in New Orleans. The check was mailed in Alexandria, addressed to the defendant in Coushatta, in Red River parish, where the defendant was, and the check was received by defendant in Coushatta, and was deposited by him in a bank in Coushatta, and the proceeds were applied to the credit of his account. The balance of the sum received by defendant from Powers was represented by several sight drafts drawn on Powers by defendant while Powers was in Alexandria and defendant was in Coushatta. Each draft was, on the day it was drawn by defendant, deposited by him in a bank in Coushatta, and he was then given credit on the books of the bank for the amount of each draft. Each draft was sent through the mail by the bank in Coushatta, through the ordinary and regular banking channels, to a bank in Alexandria, for presentation to Powers, and each draft was, in the regular course of banking channels, presented to Powers in Alexandria and was there honored by him on presentation. If any one of the drafts had been dishonored by Powers, it would have been returned to the bank in Coushatta, and that bank would have charged the amount to defendant's account. If the cashier's check for $500 had been dishonored by the Marine Bank & Trust Company, the amount would have been charged to defendant's account by the bank in Coushatta.

We affirm the ruling that, inasmuch as the act of receiving the money was not done in the parish of Rapides, the district court of that parish did not have jurisdiction of the case. The fact that the bank in Coushatta, whence defendant received the money, might have charged to his account, and might have recovered from him, the amount of the check or of any one of the drafts, if the check or any one of the drafts had been dishonored, is a matter of no importance. The crime was not committed in the parish of Rapides. In State v. Simone, 149 La. 287, 88 South. 823, it was said:

"The crime of obtaining money by false pretenses is within the jurisdiction of the court of the parish in which the money was obtained, though the false pretenses may have been made or uttered elsewhere."

We are not called upon to say whether the defendant may be prosecuted legally in the parish of Red River, where the crime, whether commenced or not commenced there, was perhaps completed. It is sufficient to say that the crime was not committed in the parish of Rapides.

The judgment is affirmed.