193 So. 587

## STATE v. MATHENY.
### No. 35592.

Jan. 9, 1940.

Madison, Madison & Files, of Monroe, for relator.

Lessley P. Gardiner, Atty. Gen., Edward M. Heath, Asst. Atty. Gen., and Frank W. Hawthorne, Dist. Atty., and Geo. W. Lester, Asst. Dist. Atty., both of Monroe, for respondents.

ROGERS, Justice.

C. T. Matheny was indicted by the grand jury of the Parish of Morehouse for permitting his name to be carried as an employee on the pay roll of the State Board of Health, a political corporation, and receiving salary for services not actually rendered.

A plea to the jurisdiction of the district court was filed by defendant and overruled by the trial judge. The defendant, invoking the supervisory powers of this Court, has brought the record here for review of the ruling.

For the purpose of the trial on the plea to the jurisdiction of the court, an agreed statement of facts was entered into between the district attorney and the attorneys for defendant. The essential portion of the agreement reads as follows:

"That no pay roll of the State Board of Health is kept within the Parish of Morehouse, State of Louisiana, and that the name of C. T. Matheny appeared on the pay roll of the State Board of Health which is kept in the Parish of Orleans, Louisiana.

"That Relator's checks were sent by mail to C. T. Matheny in Morehouse Parish and by him cashed in Morehouse Parish."

The validity of the indictment is not before us in this proceeding. The only question presented for determination here is the jurisdiction of the district court.

Section 1 of Act 155 of 1888, on which the indictment was found, reads as follows:

"Any person who shall knowingly permit his name to be carried on the lists or pay-rolls of any State, parish, municipal or other political corporation, as employee, and receive salary or pay for services not actually rendered, shall be deemed guilty of obtaining money under false pretenses, and on conviction by a court of competent jurisdiction, shall be punished by imprisonment at hard labor or otherwise, not exceeding twelve months."

Section 9 of Article 1 of the Constitution of 1921 provides that all criminal trials shall take place in the parish in which the offense was committed, unless the venue be changed. The identical provision appears as Article 13 in the Code of Criminal Procedure.

Relator contends that the venue of the offense charged is in the Parish of Orleans where the pay roll of the State Board of Health is kept. On the other hand, the respondent contends that the venue of the offense charged is in the Parish of Morehouse, where relator lives, where he received and cashed his pay checks, and failed to perform any services therefor.

Relator argues that the place where the pay roll is kept governs the jurisdiction of the court, because the essential element of the offense charged is the permitting of one's named to be carried on the pay roll of a public corporation. The argument is not sound.

It is not material that a person permits his name to be carried on a public pay roll. That is merely incidental to the offense denounced by the statute. It is simply the means by which the offense is accomplished. The chief factor or principal ingredient of the offense is, in receiving a salary or pay for services not actually rendered. It is no crime for a person to permit his name to be carried on a public pay roll and to receive pay for services actually rendered. Nor would it be a crime for a person to permit his name to be carried on a public pay roll if he renders no services and receives no pay.

There can be no crime unless a person receives a salary or pay for services not actually rendered either by himself or by some other person. State v. Farrell, 130

La. 228, 57 So. 898; Saint v. Irion, 165 La. 1035, 116 So. 549.

█ The statute expressly provides that the person receiving pay for services not actually rendered "shall be deemed guilty of obtaining money under false pretenses." Statutes have been enacted in many jurisdictions making criminal various acts and transactions, which are, in their nature, more or less closely allied to the offense of obtaining property by false pretenses. 25 Corpus Juris, p. 659, § 101. A number of such analogous offenses are set forth by the author of the article in Corpus Juris. Among those offenses, the author refers to that of knowingly permitting one's name to be carried on a public pay roll and receiving salary or pay for services not actually rendered, and in support of this reference, cites the case of State v. Farrell, supra.

█ Where one is charged with obtaining money by false pretenses, the jurisdiction or venue is governed by the place where the money is received. State v. Simone, 149 La. 287, 88 So. 823; State v. Roy, 155 La. 238, 99 So. 205. Therefore, whether the offense denounced by the statute be the obtaining of money by false pretenses, or be an offense analogous thereto, the effect as to the jurisdiction or venue is the same—that is to say, it is the place where the salary or pay is knowingly received for services not actually rendered.

Relator argues that since the essential element is permitting one's name to be carried on a public pay roll, the question of obtaining money under false pretenses is not presented and relator illustrates his argument by the following statement in his brief: "Let us take for example, where one was working as an inspector for the State Board of Health whose duties required him to go into every parish in the State and it would so happen that he received a check in each parish, then, under the ruling of the District Court one could be prosecuted in every parish of the State. This is aptly illustrated in the case of State v. Moore, 140 La. 281, 72 So. 965, where they attempted to prosecute the newspaper for publishing the libel in the Parish of East Feliciana, and it was shown that this newspaper was circulated in every parish in the State and therefore subject to prosecution in each parish."

Relator's argument and illustration are not convincing. As we have pointed out, the permitting of one's name to be carried on a public pay roll is incidental and not essential to the commission of the offense denounced by the statute. If a person receives and cashes a check in one parish for services which are rendered in another parish, it is clear that he is not guilty of violating the statute. If he receives and cashes checks in several parishes, for which no services are rendered in any parish, he is guilty of violating the statute in any of the parishes where he obtains the money and is subject to prosecution there. But this does not mean that such an offender may be prosecuted in every parish in which he receives and cashes a check. The statute does not denounce the receipt and cashing of each check as a separate offense. It makes a person violating its provisions guilty of only a single offense and subject to only a single punishment. The offense

is a continuing one. It is complete when the first act of receiving pay for services, which are not rendered, is committed. When this act is committed, the person committing the act is subject to criminal prosecution for that, or for the commission of any similar act previous to the institution of the prosecution. Proof of the violation of the statute upon separate occasions would merely supply cumulative evidence of the one violation. All the acts constituting the continuous infraction of the law are merged in a judgment of conviction, and a judgment of acquittal bars another prosecution for the period covered by and prior to the return of the indictment.

The case of State v. Moore is authority for the proposition that the offense committed by the proprietor of a newspaper in publishing a libelous article is but one offense, which is committed in the place where the newspaper is published. We find nothing in that proposition which conflicts with the holding in this case.

Our conclusion is that the violation of the statute charged to relator occurred in the Parish of Morehouse, where it is alleged that relator received and cashed his pay checks for services not actually rendered the political corporation issuing the checks.

For the reasons assigned, the stay order herein issued is recalled, the rule nisi is discharged, and the ruling of the trial judge is affirmed.

FOURNET, J., concurs.