SANDERS, Justice.
This is a criminal proceeding. The defendant, Gibson O. Kimberlin, was indicted by the Grand jury of East Baton Rouge Parish for public payroll fraud in violation of LSA-R.S. 14:138. Pie interposed a plea to the jurisdiction of the Nineteenth Judicial District Court. The court overruled the plea. We granted a writ to review this ruling. The sole issue presented is whether East Baton Rouge Parish is a proper venue for this prosecution.
The pertinent portion of LSA-R.S. 14:-138 provides:
“Public pay roll fraud is committed when:
“(1) Any person shall knowingly receive any payment or compensation, or knowingly permit his name to be carried on any employment list or pay roll for any payment or compensation from the state, for services not actually rendered by himself, or for services grossly inadequate for the payment or compensation received or to be received according to such employment list or pay roll * *
The indictment charges that the defendant “knowingly permitted his name to be carried on the employment list or payroll of the Office of State Fire Marshal as a Deputy Fire Marshal I and -did receive payment or compensation as a Deputy Fire Marshal I of the Office of State Fire Marshal for services not actually rendered by himself, or for services grossly inadequate for the payment or compensation received, according to such employment list or payroll * *
The stipulation filed in connection with the plea to the jurisdiction discloses the following facts: The defendant was domiciled in the Parish of East Baton Rouge; he was carried on the State Fire Marshal’s payroll as a Deputy Fire Marshal I; the payroll was maintained in the Parish of Orleans; all of the pay checks were sent to the defendant at Baton Rouge; all of them, except two, were deposited by him at the American Bank & Trust Company in Baton Rouge; the remaining two were endorsed in blank ‘by the defendant and cashed by his wife in Baton Rouge; all of the checks, except one, were honored and paid by the Bank of New Orleans in Orleans Parish; and the remaining check was honored and paid by the Ouachita National Bank in Ouachita Parish.
The defendant contends that the offense with which he is charged, if committed at all, was committed at the time the checks were honored by the drawee banks, and that under the provisions of Article I, Section 9 'of the Louisiana Constitution of 1921, LSA,[1] the venue is at the domicile *365 of the drawee banks in Orleans or Oua-chita Parishes.
In the alternative, the defendant contends that no “substantial element” of the alleged offense was committed in East Baton Rouge Parish as required for venue under the provision of LSA-R.S. 15:13 applicable to multi-parish offenses.[2]
In the further alternative, he contends that if this Court finds that a substantial element of the offense was committed in East Baton Rouge Parish, then the substantial element provision of LSA-R.S. 15:13 is violative of Article I, Section 9 of the Constitution and is unconstitutional.
The state contends that the gist of the offense charged is the receipt of unearned compensation and that since the checks were received and cashed in East Baton Rouge Parish, the venue is proper. It relies principally upon the decision of this Court in State v. Matheny, 194 La. 198, 193 So. 587.
LSA-R.S. 15:13, the codal article which governs the venue of criminal trials, provides :
“All trials shall take place in the parish in which the offense shall have been committed, unless the venue is changed; provided that where the several acts constituting a crime shall have been committed in more than one parish, the offender may be tried in any parish where a substantial element of the crime has been committed.”
In State v. Matheny, supra, this Court ruled that the parish in which the employee received and cashed his pay checks was a proper venue in a similar prosecution. The rationale of the decision was that the gist, or principal ingredient, of the offense was the receipt of unearned compensation, which occurred in the parish where the checks were received and cashed. In connection with the ruling, the Court stated:
“ * * * If he [the defendant] receives and cashes checks in several parishes, for which no services are rendered in any parish, he is guilty of violating the statute in any of the parishes where he obtains the money and is subject to prosecution there. But this does not mean that such an offender may be prosecuted in every parish in which he receives and cashes a check. The statute does not denounce the receipt and cashing of each check as a separate offense. It makes a person violating its provisions guilty of only a single offense and subject to only a single punishment.”
Since the Matheny decision, the substantial element provision has been added to the venue article. The definition of the offense has also been changed. We are here concerned only with the question of whether a substantial element of the offense charged in the instant case occurred in East Baton Rouge Parish.
Substantial element is not synonymous with principal element. It means a material element. An examination of the offense charged in the instant case has convinced us that the receipt and cashing of the pay checks constitute a substantial element. Since the defendant received and cashed these checks in East Baton Rouge Parish, that parish is a proper venue.
The question of the constitutionality of the substantial element provision of LSA-R.S. 15:13 has been answered adversely to the contentions of defendant in State v. Coon, 242 La. 1019, 141 So.2d 350.
The defendant relies upon several decisions of this Court involving offenses oth *366 er than that charged herein.[3] We find them inapplicable to the present case.
For the reasons assigned, the ruling of the district court rejecting the plea to the jurisdiction is affirmed, and the writ of certiorari and the stay order issued herein are recalled and vacated.

. Article I, § 9, of the Louisiana Constitution of 1921, provides in reference to the venue of criminal cases: “ * * * all trials shall take place in the parish in which the offense was committed, unless the venue be changed * *

. This portion of LSA-R.S. 15:13 provides : “ * * * where the several acts constituting a crime shall have been committed in more than one parish, the offender may be tried in any parish where a substantial element of the crime has been committed.”

. State v. Terzia, 194 La. 583, 194 So. 27, State v. Todd, 194 La. 595, 194 So. 31, State v. Coenen, 194 La. 753, 194 So. 771, (dual office holding); State v. Cason, 198 La. 828, 5 So.2d 121, State v. Smith, 194 La. 1015, 195 So. 523, (embezzlement); State v. Pollard, 215 La. 655, 41 So.2d 465, (theft); State v. Ellerbe, 217 La. 639, 47 So.2d 30, (receiving stolen property).