HAMLIN, Justice.
W. J. Cleveland was indicted by the Grand Jury for the Parish of West Feliciana on May 21, 1963, for violation of LSA-R.S. 14:140, Public Contract Fraud. The indictment, as amended by the State with leave of the court on May 31, 1963, recites in part:
“ * * * between the 1st day of August, in the year of our Lord, One Thousand nine hundred and sixty and the 31st day of July, in the year of our Lord, Nineteen hundred and sixty-one, violated R.S. 14:140, relative to public contract fraud, in that he, being Senator in and for the 35th Senatorial District of the State of Louisiana, did then and there use his position as such public officer to secure the expenditure of public funds to himself in that under *671 the name of W. J. Cleveland, Distributor, between the aforesaid dates, the said W. J. Cleveland sold and delivered merchandise to the Louisiana State Penitentiary at Angola totalling more than $4,116.66 in public funds paid to the said W. J. Cleveland, * * * ”
(Emphasis ours.)
Defendant filed a plea to the venue or jurisidiction of the trial court in which, after asserting his innocence, he averred in essence that (a) if any public funds were expended to him, they were paid to him at his domicile in Acadia Parish, which would have jurisdiction and he the proper forum for trial; (b) if he used his power or position as a State Senator to secure the execution of the contract involved, the proper jurisdiction would be East Baton Rouge Parish where the contract was allegedly executed; (c) if he sold certain automobile accessories, such sale must have taken place where the price and things were agreed upon, that is, East Baton Rouge Parish; and (d) the matter could not be tried in West Feliciana Parish because of lack of jurisdiction, notwithstanding that delivery terminated in West Feliciana Parish. Defendant further averred that his constitutional rights under the Sixth Amendment to the Constitution of the United States and under Section 9 of Article I of the Constitution of Louisiana, LSA, would be violated if he were tried in the Parish of West Feliciana. He still further averred that trial in West Feliciana Parish would violate the letter and spirit of LSA-R.S. 15:13.
The trial court sustained defendant’s plea to the venue or jurisdiction and dismissed the indictment. On the basis of a stipulation of facts filed in the matter, it ruled that there was no showing that any “major” element of the crime alleged took place in West Feliciana Parish. The State reserved a bill of exceptions to the ruling and now appeals the matter to this Court.
After asserting that the trial court was in error in sustaining the above plea, the State argues that where a transaction resulting in expenditure of public funds to a State Senator was initiated by requisition or order for tires at Angola, West Feliciana Parish, Louisiana, and completed by delivery of the tires at Angola, substantial elements of the offense of public contract fraud were committed in the Parish of West Feliciana. LSA-R.S. 15:13; State v. Coon, 242 La. 1019, 141 So.2d 350.
Stipulations entered into between the District Attorney for West Feliciana Parish and the defendant, through his attorneys, set forth the following facts:
“1. That the accused is a state senator from the 35th Senatorial District, a resident of and domiciled in Acadia Parish, Louisiana, and does business as W. J. Cleveland, distributor of tires in Crowley, Louisiana.
*673 “2. When the Louisiana State Penitentiary at Angola in West Feliciana Parish, Louisiana, needed tires, they filed a requisition for same with the Division of Administration in East Baton Rouge Parish, Louisiana, without specifying the vendor sought for the sale of said tires.
“3. That purchase orders were made by the Division of Administration of the State of Louisiana in the City of Baton Rouge, East Baton Rouge Parish, Louisiana, addressed to W. J. Cleveland, distributor, as follows : 37827, 40993, 41657, and 43166. These purchase orders were made, mailed, and sent from the Division of Administration in Baton Rouge to W. J. Cleveland, distributor, at Crowley, Louisiana.
“4. W. J. Cleveland, distributor, forwarded the said purchase orders to Firestone Tire & Rubber Company at New Orleans, Orleans Parish, Louisiana, and said tires ordered in said purchase orders were delivered from New Orleans, Louisiana, by the Firestone Tire & Rubber Company to the Louisiana State Penitentiary at Angola in West Feliciana Parish, Louisiana. « * * ?}c
“6. If any ttse of his position, power, or influence as a public officer was used by Senator Cleveland to secure 246 La. — 22 the expenditure of public funds, which is denied by the accused, it is agreed by and between the parties hereto that such action of his took place outside of West Feliciana Parish, Louisiana.
“7. That the funds paid for the tires purchased pursuant to the hereinabove described purchase orders were paid to the Firestone Tire & Rubber Company; and said rubber company, in turn, paid W. J. Cleveland, distributor, a dealer’s commission thereon, said payment to W. J. Cleveland, distributor, Crowley, Loitisiana, either in funds or in credit memorandum which credited the W. J. Cleveland, distributor, account with Firestone Tire & Rubber Company in New Orleans.
“8. That all of the above tire purchases were made pursuant to contract number 111B-06, which is a contract between Firestone Tire & Rubber Company and the State of Louisiana, which contract was entered into in East Baton Rouge Parish, Louisiana.” (Emphasis ours.)
The purchase orders referred to in the Stipulations were attached thereto and were all signed by the State Purchasing Officer. Purchase Order No. 37827 was addressed to W. J. Cleveland, Distributor,. Crowley, Louisiana; Nos. 43166 and 40993 were addressed to W. J. Cleveland, Dist.. Crowley, Louisiana; and No. 41657 was addressed to W. J. Cleveland, Crowley, *675 Louisiana. A notice of purchase order change was addressed to W. J. Cleveland, Crowley, Louisiana. All purchase orders bore the notation, “Deliver to: Louisiana State Penitentiary, Angola, Louisiana; Invoice to: Same as Above.”
LSA-R.S. 15:13, prior to being amended by Act 76 of 1962, recited:
“All trials shall take place in the parish in which the offense shall have been committed, unless the venue be changed; provided that where the several acts constituting a crime shall have been committed in more than one parish, the offender may be tried in any parish where a substantial element of the crime has been committed.” (Emphasis ours.)
LSA-R.S. 15:13, as amended and re-enacted by Act 76 of 1962, recites:
“A. All trials shall take place in the parish where the offense was committed, unless the venue is changed. If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred.” (Emphasis ours.)
Section 2 of Act 76 of 1962 provides:
“This Act shall take effect and become operative when the proposed amendment to Section 9 of Article I of the Constitution of Louisiana, proposed by House Bill No. 545, introduced at the regular session of the Legislature in 1962, is adopted at the general election to be held in November, 1962.” (Emphasis ours.) [1]
Argument was heard in this Court on February 27, 1964. Re-argument was ordered, confined to the issue of whether the provisions of LSA-R.S. 15:13 as amended and re-enacted by Act 76 of 1962 are applicable to the instant prosecution. This was done because the instant indictment was returned on May 21, 1963 and amended on May 31, 1963 — dates after the effective and operative date of Act No. 76 of 1962 — and the offense with which the defendant is charged is alleged to have been committed between August 1, 1960 and July 31, 1961 — a period of time prior to the effective and operative date of Act 76 of 1962. The matter was then re-argued on June 11, 1964.
Before LSA-R.S. 15:13 was amended, supra, an accused could be prosecuted only in a parish where a substantial element of the crime with which he was charged had been committed. As amended, LSA-R.S. 15:13 establishes venue for a multiple act crime in any parish in this state in which any act or element of the crime occurred.
*677 We find no need to belabor the issue of retroactivity. After listening to argument and studying the authorities cited by able counsel, we conclude that LSA-R.S. 15:13 as amended by Act 76 of 1962 cannot be applied retroactively to the instant prosecution. Application would be unconstitutional, because it would affect the substantial rights of the accused. State v. Ferrie, 243 La. 416, 144 So.2d 380; State v. Fourchy, 106 La. 743, 31 So. 325. Such substantial rights would be the right of the defendant to be tried at his domicile, or in a parish other than West Feliciana where he was neither engaged in business nor conducted his activities as a State Senator and where a credit memorandum was not issued to him nor a check issued to nor received by him. See Stipulations supra.
Additionally, Section 2 of Act 76 of 1962, supra, provides that the Act shall take effect and become operative at a certain designated date.[2] In our opinion, the Legislature expressed an intention and indicated that the amendment and re-enactment of LSA-R.S. 15 :13 would have a prospective effect.
“ * * * Notwithstanding the general rule that statutes are construed to operate prospectively only, in the absence of a clear legislative intent to the contrary, statutes relating only to remedies or modes of procedure are generally held to operate retrospectively unless such application would adversely affect substantive rights. 82 C.J.S. Statutes § 416, p. 992. And, in the absence of an intention to the contrary, a statute relating to jurisdiction or venue may be given a retrospective operation. 82 C.J.S. Statutes § 423, p. 1000. * * * ” (Emphasis ours.) Brown, Jr. v. Indemnity Insurance Co. of North America, La.App., 108 So.2d 812. See, Miller v. City of Shreveport, La.App., 90 So.2d 565; Manuel v. Carolina Casualty Insurance Company, La.App., 136 So.2d 275; General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417; Geddes & Moss U. & E. Co. v. First National Life Ins. Co., 189 La. 891, 181 So. 436. Cf. State v. Smith, 194 La. 1015, 195 So. 523; State v. International Paper Co., 201 La. 870, 10 So.2d 685.
“ * * * A remedial statute will be construed as retrospective or retroactive where the legislative intent clearly requires such construction, but, where the statute is not purely procedural, it will not be so construed if the intention to give the act a retrospective effect is not so clearly found as to satisfy the court that such was the intention, and if, from the reading of the act, the court is doubtful whether such *679 was the intention, the doubt must be resolved against the retrospective effect.”
82 C.J.S. Statutes § 416, Remedial Statutes, p. 993.
Because of our holding with respect to the applicability of LSA-R.S. 15:13 as amended and re-enacted, we find no necessity for discussing the constitutional distinction between the effect of ex post facto laws ■on civil matters and on criminal matters.
LSA-R.S. 14:140 provides in part:
“Public contract fraud is committed:
“(1) When any ptiblic officer or public employee shall use his power or position as such officer or employee to secure any expenditure of public funds to himself, or to any partnership of which he is a member, or to any corporation of which he is an officer, stockholder or director; or * * *.”
(Emphasis ours.)
When the emphasized words, supra, are constructed in a completed sentence, we find that public contract fraud is committed "[wjhcn any public officer shall tise his * * * position * * * to secure any expenditure of public funds to himself.” We must therefore determine whether a substantial element of the offense alleged to have been committed by the defendant occurred in the Parish of West Feliciana.
Applying the above construction to the words emphasized in the instant indictment, supra, we find as a completed sentence that the defendant “did use his position to secure the expenditure of public funds to himself in that under the name of W. J. Cleveland, Distributor, the said W. J. Cleveland sold and delivered merchandise to the Louisiana State Penitentiary at Angola totalling more than $4,116.66 in public funds paid to the said W. J. Cleveland.” (Emphasis ours.)
Stipulations Nos. 3 and 4 set forth that the contracts for the tires were executed in East Baton Rouge Parish; purchase orders were made, mailed, atid sent from the Division of Administration in Baton Rouge to W. J. Cleveland, Distributor, at Crowley, Louisiana. After receipt of the purchase orders at his home in Crowley, Cleveland, a distributor, forwarded the orders to Firestone Tire & Rubber Company at New Orleans, Orleans Parish (Stipulation No. 4); Firestone, not Cleveland, filled the orders and delivered the tires from New Orleans, Louisiana to the Louisiana State Penitentiary at Angola in West Feliciana Parish (Stipulation No. 4). Firestone was paid for the tires, and, in turn, it paid W. J. Cleveland, Distributor, a dealer’s commission cither in funds or in credit memorandum which credited the W. J. Cleveland, Distributor, account with Firestone Tire & Rubber Company in New Orleans. The record does not reflect that payment or credit was made to Firestone or Cleveland in West Feliciana Parish.
*681 We cannot find that a substantial element ■of the offense with which the defendant is charged was committed in West Feliciana Parish where the Louisiana State Penitentiary is located. Officials of the Penitentiary requested the tires by filing a requisition for same with the Division of Administration in East Baton Rouge Parish, without specifying the vendor sought for the sale of said tires (Stipulation No. 2) ; the record docs not reflect that they made request to the defendant Cleveland. Officials of the Penitentiary received the tires, but they made no payment to Cleveland for the tires. All alleged actions of the defendant alleged to be substantial elements of the instant offense were committed in parishes other than West Feliciana. (Stipulation No. 6)
“The question of venue or jurisdiction in a criminal case is one of fact and may be determined by the judge on a special plea in advance of the trial of the case. * * * ” State v. Prudhomme, 171 La. 143, 129 So. 736.
“The indictment alleges that the ■shares of stock in question were obtained from the old lady in Lincoln Parish, and the evidence shows that part of it was received from her at her home in a rural section of the parish and the balance thereof at the Bank of Ruston, Lincoln Parish. The jurisprudence is clear that the venue of .the alleged crime in a case like the present one is at the place where the money or property was obtained. * * * Therefore, the Third Judicial District Court, Lincoln Parish, Louisiana, had jurisdiction of the case.” State v. Kavanaugh, 203 La. 1, 13 So.2d 366.
“Substantial clement is not synonymous with principal element. It means a material element. An examination of the offense charged in the instant case has convinced us that the receipt and cashing of the pay checks constitute a substantial element. Since the defendant received and cashed these checks in East Baton Rouge Parish, that parish is a proper venue.” State v. Kimberlin, 242 La. 1056, 141 So.2d 363.
In support of its contentions, the State relies upon the recent case of State v. Coon, 242 La. 1019, 141 So.2d 350. It is true that the two cases are similar in that both prosecutions involve a question of venue, but the substantial elements of the offenses charged in the two prosecutions arc different.
The defendant in the Coon case was charged with having committed the offense of Public Pay Roll Fraud in that in his capacity as State Fire Marshal he carried or permitted to be carried directly on his payroll the name of Gibson O. Kimberlin as an employee, knowing that Kimberlin was receiving compensation or payment for *683 services not actually rendered. Coon was stationed in the Parish of Orleans and issued his payroll checks from that parish; he sent Kimberlin’s checks to Baton Rouge, Parish of East Baton Rouge, where Kimberlin received them, cashed them, and accepted the proceeds. We held that venue for the trial of the defendant Coon would lie in the Parish of East Baton Rouge, stating:
“ * * * In order for an employee to cash his pay check, he has to receive such pay check. Herein, the stipulation of facts sets forth that defendant sent Gibson O. Kimberlin his pay checks and said pay checks were cashed in the Parish of East Baton Rouge.
“It cannot be gainsaid that the checks, after leaving Orleans Parish, had to cross the East Baton Rouge Parish line and enter said Parish to be delivered to said Gibson O. Kimberlin.”
We do not think that the Coon case controls the instant prosecution, because herein payment was neither made nor received in the Parish of West Feliciana; delivery, under the circumstances of the instant case, is not a substantial element of the offense with which the defendant Cleveland is charged, even though such delivery took place in the Parish of West Feliciana.
For the reasons assigned, the judgment of the trial court sustaining the Plea to the Venue or Jurisdiction of the Twentieth Judicial District Court for the Parish of West Feliciana is affirmed.
HAWTHORNE, J., dissents.

. The amendment to Section 9 of Article I was adopted Nov. 6, 1962.

. See Footnote 1, supra.