The trial judge sustained the plea to the jurisdiction of his court and the State applied *Page 596 
to us for writs of certiorari, prohibition, and mandamus.
This case, as far as the legal question is concerned, is identical with the case of State v. Terzia, 194 La. 583,194 So. 27, decided by us on February 9, 1940.
The plea was tried on an agreed stipulation of facts, as follows:
"It Is Agreed that the plea to the jurisdiction in the case of State of Louisiana v. W.H. Todd, Jr., No. 5968, will be submitted on the same state of facts and same situation as prevailed in the evidence offered in the trial of the case of State of Louisiana v. No. 5967, Leo F. Terzia, with the following difference:
"That W.H. Todd, Jr., was a duly elected and qualified member of the House of Representatives of the State of Louisiana during the period of 1936 to this date, from Morehouse Parish, instead of State Senator; that the other employment or position with which Mr. Todd is charged with holding was that of Deputy Moratorium Commissioner in and for the State of Louisiana, instead of an employee of the Department of Conservation, at a salary of $150.00 per month; that the vouchers or warrants issued by the House of Representatives numbered 92, 190 and 288, to W.H. Todd, Jr., were issued to him instead of the vouchers listed in the Terzia case, were issued and received in Baton Rouge, the same as in the Terzia case, and deposited, as shown by the vouchers in the Bastrop Bank Trust Co., Bastrop, La.; that he was elected State Representative from Morehouse Parish in 1936, was commissioned and qualified as *Page 597 
such; that subsequent thereto, on the 28th day of July, 1936, he accepted the position of Deputy Moratorium Commissioner and received a certificate of appointment as such and that subsequent thereto he attended the 1938 session of the Legislature as State Representative, received the emoluments therefrom as State Legislator, evidenced by warrants drawn on the State Auditor, which warrants were deposited for collection in the Bastrop Bank Trust Co., after having resigned as Deputy Debt Moratorium Commissioner prior to the beginning of the Legislature session of 1938 and having his resignation accepted prior to the beginning of the session, but having again accepted said position after the adjournment of the Legislature in 1938, about the month of October, 1938; and that the vouchers and the auditor's certificates covering W.H. Todd, Jr., as a member of the House of Representatives are offered in evidence, the same as similar vouchers in the case of Leo F. Terzia."
The written opinion of the trial judge rendered in the Terzia case was made equally applicable to the instant one. We approved the opinion in the Terzia case and, therefore, it is decisive of the issues here presented.
Counsel for the State have referred us to the case of State v. Roy, 155 La. 238, 99 So. 205. That authority is inappropriate here, because it involved a matter where defendant was charged with receiving money under false pretense.
For the reasons assigned, the judgment of the district court is affirmed. *Page 598 
ODOM, J., dissents for reasons assigned in dissenting opinion in State v. Terzia, 194 La. 583, 194 So. 27, this day decided.