HIGGINS, Justice.
 

 This case is before us on writs of certiorari, prohibition, and mandamus, applied for by the State, to have reviewed the correctness of the judgment of the district court sustaining a plea to its jurisdiction.
 

 The learned trial judge favored us with a written opinion, which correctly states the facts, the issues, the law, and the proper conclusions to be drawn therefrom, and we, therefore, quote it with approval:
 

 “Defendant in this case, is charged in the bill of indictment returned by the Grand Jury of Morehouse Parish in the Fourth District Court with violation of Section 3 of Act 123 of the Extra Session of 1921. The crime, as set out in Sectioh 3, which
 
 *586
 
 makes said unlawful act a misdemeanor is ‘Any person holding one office of profit who shall accept a second office of profit, and shall after his acceptance of the second office, exercise any of the duties or receive any of the emoluments of the first office.' In the present case before the Court it is charged that the defendant, Leo F. Terzia, held an office of profit, to-wit: — Membership in the Louisiana State Senate, and that he accepted a second office of profit, to-wit: An office in the Conservation Department of the State of Louisiana, and that thereafter he did exercise the duties and receive the emoluments of the first office (to-wit, State Senator).
 

 “The question of jurisdiction in a criminal case is quite different from the question of- jurisdiction in a civil case. The law requires in nearly all cases that a person be sued in a Civil Court at his domicile or residence, while in Criminal Court it is not the residence or domicile of the defendant that.determines the question of jurisdiction but the place at which the violation actually occurs.
 

 “Since the crime set out in Section 3 of Act 123 is the exercising of the duties or the receiving of the emoluments of the first office, and in the present case the first office is set forth in the indictment as being that of State Senator, it follows that in order for this Court to have jurisdiction it would be necessary for the duties of said office to be performed within this jurisdiction or the emoluments of the first office to be received in this jurisdiction. The ■ Constitution of the State of Louisiana sets out and defines what is a State Senator and his duties. An examination of the Constitution and laws of which the Court can take judicial cognizance shows clearly that the duties of a State Senator can only be performed as a member of the Legislature and then only in the City of Baton Rouge, which is in the jurisdiction of the Court holding sessions in and for the Parish of East Baton Rouge. The law sets out what the emoluments of the State Senator shall be. He is not paid a yearly salary but is paid a per diem only for his attendance at the Legislature in East Baton Rouge Parish. The testimony on the motion shows that the warrants for the payment of the per diem were delivered to the defendant and he received the same in East Baton Rouge Parish. Of course, these warrants are addressed to the Auditor, whose office is in the Parish of East Baton Rouge also, and the Court therefore is of the opinion that if the question is raised that the delivery of the warrant was not in itself the receipt of the emoluments and that the receipt depends on the actual cashing of said warrant, then it is the opinion of this Court that it would make no difference as to the location of the various banks or firms through whose hands the warrants would pass as the actual cashing would be done after the- warrants were • returned to the Auditor’s office in East Baton Rouge Parish, and a voucher issued for same, which in turn would be finally cashed by the State Treasurer. . . ¡ ..
 

 “In the light of the above view, the Court is of the. opinion that under the law all of the emoluments of the office of State Senator are actually received outside the jurisdiction of this Court and.none of the emoluments of said office are received
 
 *588
 
 in the jurisdiction of this Court, this Court is without jurisdiction and that under this particular section of this particular act only the Court in and for the district in which the Parish of East Baton Rouge is located would have jurisdiction. For that reason the Court sustains the plea to the jurisdiction filed herein and'holds that this Court is without jurisdiction in this case.”
 

 For the reasons assigned, the judgment of the district court is affirmed.