LAND, Justice.
Defendant in this case is charged in the bill of indictment returned by th$ Grand Jury of Richland Parish in the Fifth Judicial District Court with the violation of Section 3 of Act 123 of the Extra Session of 1921, known as the dual office holding act.
This section provides that: “Any person holding one office of profit who shall accept a second office of profit, and shall after his acceptance of the second office, exercise any of the duties or receive any of the emoluments of the first office shall be guilty of a misdemeanor, and shall on conviction be punished by a fine not exceeding Five Hundred Dollars, or imprisonment not-less than thirty days nor more than Six months, or both at the discretion of the Court.” (Italics ours.)
The defendant while holding an office of profit, to-wit, member of the House of Rep *756 resentatives of the Legislature of the State of Louisiana, is charged with accepting a second office of profit, to-wit, Deputy Debt Moratorium Commissioner of the State of Louisiana, and continuing to axercise the duties of and receive the emoluments of the first office of profit in the Parish of Rich-land and within the jurisdiction of the Fifth Judicial District Court for that parish.
Defendant filed a plea to the jurisdiction on the ground that the Fifth Judicial District Court for the Parish of Richland has no jurisdiction to try a member of the House of Representatives, charged with violating Act 123 of the Extra Session of 1921, since all of the duties of members of the House of Representatives of the State of Louisiana are performed and all emoluments are received at the seat of government in Baton Rouge, East Baton Rouge Parish, Louisiana. Article III, Section 8 of the' Constitution of 1921.
The exception to the jurisdiction was overruled .by the trial judge. Defendant was tried and convicted, and sentenced by the court to serve 90 days in the parish jail and pay a fine of $301 and costs or, in default, to serve 90 days additional in the parish jail. Defendant has appealed from the conviction and sentence to this court.
In the recent case of State v. Leo F. Terzia, La.Sup., 194 So. 27,[1] defendant, a State Senator, ■ was charged in the bill of indictment returned by the Grand Jury of Morehouse Parish with violation of the dual office holding statute, by accepting a second office of profit in the Conservation Department,- and thereafter continuing to dis.charge the duties .and receive the emoluments of the first office- of profit as State Senator, in the Parish of Morehouse.
Also, in the recent case of State v. W. H. Todd, Jr., La.Sup., 194 So. 31,[2] defendant, a member of the House of Representatives, was charged in the bill of indictment returned by. the Grand Jury of Morehouse Parish with violation of the dual office holding statute by accepting a second office of profit as Deputy Moratorium Commissioner, and thereafter continuing to discharge the duties and receive the emoluments of the first office as a member of the House of Representatives, in the Parish of Morehouse. See State v. Terzia, supra, and State v. W. H. Todd, Jr., supra.
But this court held in both of these cases that, under the Constitution and laws, the duties of a State Senator and of a member of the House of Representatives can be performed only as members of the Legislature, and then only in the City of Baton Rouge; and, as the emoluments of members of the Legislature are also paid in the City of Baton Rouge, the court holding sessions in and for the Parish of East Baton Rouge has jurisdiction for the trial of such cases.
For the' same reasons, the Fifth Judicial District Court for the Parish of Richland is without jurisdiction to try this case, and the exception to its jurisdiction tendered by defendant should have been maintained.
It is therefore ordered that the plea to the jurisdiction of the Fifth Judicial District Court for the Parish of Richland, tendered herein by defendant, be maintained.
*758 It is further ordered that the conviction and sentence appealed from by defendant he annulled and set aside; that defendant’s appearance bond and bail bond pending appeal be canceled; and that defendant be discharged forthwith.

 194 La. 583.

 194 La. 595.