O’NIELL, Chief Justice.
 

 The grand jury for the Parish of Bossier indicted the defendant, International Paper Company, for polluting the waters and killing the fish in Bayou Bodcaw. The charge was brought under the provisions of section 12 of Act No. 68 of 1932, which makes it an offense to discharge or permit to be discharged into any waters of the State, or •into any drains which discharge into such waters, any substance which kills fish or renders the water unfit for the maintenance of the normal life of fish in such waters. The statute provides that each day on which the offense is committed shall make it a separate offense. The defendant excepted to the jurisdiction of the court, averring that if the offense was committed at all it was committed not in the Parish of Bossier hut in the Parish of Webster, which parish is adjacent on the east side of the Parish of Bossier. The judge after hearing evidence on the exception overruled it, and the defendant brought the matter here on a writ of certiorari and an alternative writ of prohibition.
 

 Bayou Bodcaw is the boundary line between the Parishes of Bossier and Webster at the place where the alleged poisonous water was discharged into the bayou, and for some distance south of that point; but further south Bayou Bodcaw turns westward from the boundary line and runs through the Parish of Bossier. The defendant owns a paper mill in Webster Parish, and in connection with the mill has
 
 *873
 
 a settling basin embracing about 1,400 acres, into which is discharged and impounded the waste water from the mill. The water contains' certain chemicals which are said to be destructive of the life of fish. By means of a flood gate the water is let out from the basin into a small stream called Cypress Creek, which empties into Bayou Bodcaw. The place where the waste water is discharged from the settling basin into the creek is about a mile east from Bayou Bodcaw, measured along the meanders of the creek, the distance being 320 feet less than a mile in an air line from the place where the water is discharged into the creek to the place where it empties into Bayou Bodcaw. It was admitted by the representatives of the defendant company as witnesses on the trial of the exception that when the company releases the water from the settling basin into Cypress Creek it is done with full knowledge that the water must go directly into Bayou Bodcaw. In fact the company cut off and dammed the eastern end of Cypress Creek for the purpose of constructing the settling basin so as to discharge the waste water into Cypress Creek, whence it would flow naturally and necessarily into Bayou Bodcaw.
 

 We concur in the opinion of the district judge that the facts of the case bring it within the jurisdiction of the district court in the Parish of Bossier. In section 9 of article I of the Constitution it is required that criminal trials shall take place in the parish in which the offense was committed, unless the venue be changed, provided however that the Legislature may provide for the venue of offenses committed within 100 feet of the boundary line of a parish. Accordingly, the Legislature did provide in article 14 of the Code of Criminal Procedure that- where a river, bayou or lake is the boundary of any parish the jurisdiction of the courts in that parish shall extend to the middle of the river, bayou or lake, and to all crimes committed within such boundary. And in article IS of the Code of Criminal Procedure it is provided that any offense committed on the boundary line of two parishes or within 100 feet from the dividing line between them may be alleged in the indictment to have been committed, and may be prosecuted and punished, in either parish. Although, under these provisions of the Code of Criminal Procedure, it may be that the district court in Webster Parish would have jurisdiction of the alleged offense, there is no doubt that the district court in Bossier Parish also has jurisdiction so far as the polluting of the waters and killing of fish in Bayou Bodcaw is concerned. Perhaps the reason why the grand jury and the district attorney in Webster Parish are not complaining of the discharging of the waste water into Cypress Creek is that it is a very small stream, of no value or importance for fishing either as an industry or a sport. But that is no reason why the grand jury or the district attorney in Bossier Parish should be forbidden to institute the prosecution in that parish if in fact the defendant is polluting the waters and killing the fish in Bayou Bodcaw. That bayou also is a narrow stream, apparently much less than 200 feet wide at the place where Cypress Creek empties into it. If
 
 *875
 
 the emptying of the waters into the bayou did kill the fish the offense was committed within 100 feet from the dividing line, which is the middle of the bayou, and was committed also in the Parish of Bossier if fish were killed on both sides of the middle of the bayou. These questions of fact remain to be determined on the trial of the case on its merits. Our ruling that the district court in Bossier Parish has jurisdiction will not relieve the district attorney of the burden of proving beyond a reasonable doubt, on the trial of the case on its merits, not only the facts necessary to constitute the crime charged but also the facts necessary to show that the crime was committed in the Parish of Bossier. The defendant by. testing the question of venue before going to trial does not relieve the district attorney of the burden of proving beyond a reasonable doubt on the trial of the case that the offense was committed within the parish where the prosecution is had. State v. Hart et al., 195 La. 184, 196 So. 62.
 

 The defendant in this case cites and relies upon State v. Moore, 140 La. 281, 72 So. 965; State v. Simone, 149 La. 287, 88 So. 823; State v. Terzia, 194 La. 583, 194 So. 27; State v. Todd, 194 La. 595, 194 So. 31; and State v. Smith, 194 La. 1015, 195 So. 523. None of these cases is analogous to the present case except perhaps State v. Moore, which was a prosecution for libel by publication of a newspaper, and which is not controlling in this case.
 

 The ruling complained of is affirmed.
 

 ROGERS, J., absent.