171 So.2d 650

**STATE of Louisiana**

v.

**Gladys JORDAN.**

No. 47405.

Jan. 18, 1965.

Rehearing Denied Feb. 23, 1965.

———◆———

Sam J. D'Amico, Ossie B. Brown, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for appellee.

FOURNET, Chief Justice.

Defendant, Gladys Jordan, prosecutes this appeal from a conviction under a bill of information which charged her with an unlawful violation of R.S. 40:1033(4) [1] "in that she constructively possessed and controlled a Barbaturate (sic), to-wit: phenobarbital," and her sentence [2] thereunder, relying for a reversal thereof on two bills of exception which were reserved after verdict and before sentence when the trial judge refused her motions (1) for a new trial and (2) in arrest of judgment.

The first bill of exception, based primarily on defendant's contention that the state failed to offer any evidence showing the venue of the court was East Baton Rouge Parish, is clearly without merit. While it is the settled jurisprudence of this state [3] that on the trial of all criminal cases the district attorney has the burden of proving the offense was committed within the parish where the prosecution is initiated, the record in the instant case reveals that the deputy sheriff who had secured a warrant for the search of the premises occupied by the defendant Gladys Jordan "located at 2220 Ellissalde Street, Baton Rouge, Louisiana, in the Parish of East Baton Rouge, * * *" where he had good reason to believe there was a certain quantity of drugs, illegally possessed under the Uniform Narcotic Drug Law, testified that he executed the warrant and made the return thereon after seizing the subject pills on the premises, in which he was fully corroborated by

---

1. R.S. 40:1033, entitled "Prohibited acts" under the Louisiana Barbiturate and Central Nervous System Stimulant Law, states in part:
 "The following shall be unlawful:
 \* \* \* \* \*
 "(4) The actual or constructive possession or control of a barbiturate or a central nervous system stimulant by any person, unless such person obtained such drug on the prescription of a practitioner, or unless such person obtained

such drug by direct delivery from a practitioner for bona fide medical use; and except as provided in R.S. 40:1035."

2. The defendant was sentenced to serve six months in jail and to pay a fine of $750 and costs; in default of payment of the fine, an additional jail sentence of one year was imposed.

3. State v. Paternostro, 224 La. 87, 68 So. 2d 767; State v. International Paper Co., 201 La. 870, 10 So.2d 685; State v. Hart, 195 La. 184, 196 So. 62.

the warrant and his return filed in evidence.

■ The claim in the motion for a new trial that the evidence failed to establish the seized pills were obtained without a prescription, an exception from the provision of prohibited acts, is also without merit for when her own physician was placed on the stand for the specific purpose of clarifying this point, he stated he could not testify those were the same pills he had prescribed for her several months previously. Moreover, what comes by way of an exception in a statute must be urged by way of defense, R.S. 15:228,[4] and the burden of proving such a proviso or exemption rests upon the defendant, R.S. 40:1044.[5]

4. R.S. 15:228 "Averment of proviso of statute
"It is no objection to an indictment that it does not aver that accused was not embraced within the terms of the proviso of the statute creating the offense; for what comes by way of a proviso or exception in a statute must be urged by way of defense."

5. R.S. 40:1044 "Exceptions and exemptions not required to be negatived
"In any complaint, information or indictment, and in any action or proceeding brought for the enforcement of any provision of this Sub-part, it shall not be necessary to negative any exception * excuse, proviso or exemption contained in this Sub-part, and the burden of proof in any such exception, excuse, proviso or exemption, shall be upon the defendant."
　　* As it appears in the enrolled bill; obviously a comma was omitted after this word.

The motion in arrest of judgment is based on several allegations, which are equally without merit, but for the purpose of the disposition thereof, will be grouped as follows:

The bill of information is fatally defective (1) in that it does not state every fact and circumstance necessary to constitute the offense as required by R.S. 15:227[6] (Par. a), (2) the act under which she was charged does not make it a crime to possess phenobarbital (Par. d), (3) the bill was too vague to permit the defendant to properly prepare a defense (Par. e), and (4) the bill of information fails to allege that the drugs had not been obtained for bona fide medical uses nor that she was excepted under R.S. 40:1035[7] (Par. b).

6. R.S. 15:227 "Contents of indictment
"The indictment must state every fact and circumstance necessary to constitute the offense, but it need do no more, and it is immaterial whether the language of the statute creating the offense, or words unequivocally conveying the meaning of the statute, be used."

7. R.S. 40:1035 "Medical or scientific purposes
"The provisions of paragraphs (1) and (4) of R.S. 40:1033 shall not be applicable; (1) to the delivery for medical or scientific purposes only of barbiturates or central nervous system stimulants to persons included in any of the classes hereinafter named, or to the agents or employees of such persons, for use in the usual course of their business or practice or in the performance of their official duties, as the case may be; or (2) to the actual or constructive possession or control of barbiturates or central nervous system stimulants by such per-

Defendant also contends Revised Statutes 40:1031 through 1046 are unconstitutional for the reason that 40:1032 [8] "in defining the words 'barbiturate' or 'barbiturates' does not define what is a hypnotic or somnifacient drug" in violation of Article 1, Section 10 of the Louisiana Constitution of 1921, and because of the "various and sundry exceptions" in the administration of said law, these statutes are in contravention of the equal protection clause of the Fourteenth Amendment of the Constitution of the United States (Par. c).

 A mere reading of the bill of information clearly shows that it tracks the language of the statute, specifically designating the defendant "unlawfully violated R.S. 40:1033(4) in that she constructively possessed and controlled a Barbaturate (sic), to wit: phenobarbital," which is all that is required by R.S. 15:227 (see footnote six). Whether phenobarbital is a barbiturate is a question of fact over which we have no jurisdiction. If the defendant thought the bill of information was too vague to properly prepare her defense, she should have urged this before arraignment in a motion for a bill of particulars, R.S. 15:284,[9] and having failed to do so, such defect, if any, is cured by verdict, R.S. 15:418 [10]; and the state charg-

---

sons or their agents or employees for such use, to wit:

"(a) Pharmacists

"(b) Practitioners

"(c) Persons who procure barbiturates or central nervous system stimulants (A) For disposition in good faith and in the course of professional practice only, by or under the supervision of pharmacists or practitioners employed by them, or (B) for the purpose of lawful research, teaching, or testing, and not for resale.

"(d) Hospitals and other institutions which procure barbiturates or central nervous system stimulants for lawful administration by practitioners, but only for use by or in the particular hospital or other institution.

"(e) Officers or employees of federal, state or local governments.

"(f) Manufacturers, wholesalers, carriers, and warehousemen."

8. R.S. 40:1032 "Definitions

"For the purposes of this Sub-part:

"(1) The words 'barbiturate' or 'barbiturates' mean each of the salts and derivatives of barbituric acid, also known as malonyl urea, and derivatives, compounds, mixtures or preparations there-

of; and 'barbiturate' or 'barbiturates' shall include all hypnotic or somnifacient drugs, whether or not derivatives of barbituric acid, except that this Subpart shall not apply to (a) narcotics as now or hereafter defined by the legislature of the state of Louisiana, or (b) bromides."

9. R.S. 15:284 "Time and method of taking objections to indictment; amendment of indictment

"Every objection to any indictment shall be taken by demurrer or by motion to quash such indictment, before the arraignment; and every court before which any such objection shall be taken for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended in such particular, and thereupon the trial shall proceed as if no defect had appeared."

10. R.S. 15:418 "Effect of verdict on imperfections in, and omissions from the indictment

"All averments imperfectly stated in the indictment are cured by verdict, but the omission from the indictment of any essential averment constitutes an incurable defect."

ing a person with an offense is not required to negative any exemption or proviso in a statute creating the offense, R.S. 15:228, R.S. 40:1044 (see footnotes four and five).

 The allegation that the statutes are unconstitutional because of the failure on the part of the legislature to define "hypnotic or somnifacient drugs" has no substance as the words "hypnotic" or "somnifacient" drugs mean nothing more than drugs that produce sleep, and such meaning is well known. Equally lacking in merit is the defendant's contention that the exemptions contained in the act are denial of equal protection guaranteed by the Fourteenth Amendment. A review of the statutes indicates the legislature has set forth reasonable classifications of persons associated with the use of barbiturates in its effort to control the use thereof, delineating in detail for each category or class the acts which are to be considered offensive, the procedure to be applied in the prosecution thereof, and the punishment to be inflicted. Such legislation is a valid exercise of the state's inherent police power and becomes otherwise only if arbitrary distinctions are made between different classes of persons or persons within the same class, which is obviously not the case herein.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

Rehearing denied.

McCALEB, J., believes that a rehearing should be granted to consider whether the uncontroverted evidence of defendant's expert—that Bellergal is not a hypnotic or somnifacient drug or a central nervous system stimulant because it contains, in addition to phenobarbital, sufficient quantities of other potent drugs (ergotamine and belladonna alkaloids) which make it impossible for it to be thus used—brings the case within R.S. 40:1034, exempting all such compounds, mixtures or preparations from the provisions of the Louisiana Barbiturate and Central Nervous System Stimulant Law.