41 So.2d 465

**STATE v. POLLARD et al.**

Nos. 39291–39293.

March 21, 1949.

Rehearing Denied May 31, 1949.

J .B. Thornhill, Monroe, Carstarphen & Carstarphen, Shreveport, Thompson, Thompson & Sparks, Monroe, and Harvey L. Carey, Shreveport, for defendants.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Cameron C. Minard, Dist. Atty., Columbia, for the State.

PONDER, Justice.

Marvin Pollard, William H. Smith and Ernest Durward Black were indicted on November 16, 1948 in the Parish of Caldwell with "having committed a theft of Twenty Five Thousand Six Hundred Nine and fifty two one-hundredths Dollars in the lawful money of the United States of America."

Before arraignment the defendants interposed separate pleas to the territorial jurisdiction of the lower court based on the ground that the crime charged, if committed, was not committed in Caldwell Parish. They interposed pleas attacking the constitutionality of Article 13 of the Code of Criminal Procedure, as amended, on the ground that, if a substantial element of the offense charged was committed in Caldwell Parish, the provision of the article authorizing the trial of an accused in any parish where a substantial element of the crime has been committed is unconstitutional and violative of Sections 2 and 9 of Article 1 of the Constitution of Louisiana and violative of the due process

clause of the Federal Constitution. Amend. 14. The pleas were submitted to the lower court on a stipulation of facts relied on by the State to establish the jurisdiction of the lower court, which reads as follows:

"1. The District Attorney declares that the charge is brought under that provision of Article 67 of the Criminal Code relating to fraudulent conduct, practices and representations.

"2. The State alleges the fraudulent scheme to have been perpetrated entirely in the Parish of Caldwell, in that the road work was done in the parish, the project engineer's office was located in the Parish, the records of the project engineer, which were allegedly falsified to perfect the scheme, were prepared and made in the Parish of Caldwell, and that the partial and first estimate under which the alleged fraud took place was prepared in and sent from the Parish of Caldwell.

"3. The State will attempt to show by competent proof that the Contractor, Marvin Pollard, his job superintendent, William H. Smith, and the project engineer, Ernest Durward Black, were all a party to the scheme and that all acts of a fraudulent nature performed by the parties were done in the Parish of Caldwell, except it is admitted that the contract was entered into in East Baton Rouge Parish, the check for payment of the partial first estimate was prepared in East Baton Rouge Parish, drawn upon a bank located in East Baton Rouge Parish and was delivered to the contractor in Bossier Parish.

"4. The Defendants claim that if the claim set forth by the District Attorney, as above stated, were true, which of course is not admitted, and even if the State could prove said allegations, the District Court of Caldwell Parish would be without jurisdiction because, if the alleged offense had been committed, it was not committed within the territorial limits of Caldwell Parish.

"5. It is admitted by the District Attorney and the Attorneys for the Defendants that the contract referred to was signed by the Department of Highways and Pollard, contractor, in the City of Baton Rouge, Louisiana, where the office of the Department of Highways is maintained.

"6. That a check in the amount of $69,604.05 was issued under the contract to Pollard, contractor, and said check was issued and signed in the City of Baton Rouge, Louisiana, and was delivered to the offices of the contractor at Bossier City, in the Parish of Bossier, Louisiana, and the said check was deposited to the credit of Pollard, contractor, in the Bossier Bank & Trust Company, Bossier City, Louisiana; that the Bossier Bank & Trust Company cleared said check through the ordinary banking channels and said check was paid by the American Bank & Trust Company on whom it was drawn at its

banking house in Baton Rouge, Louisiana, on October 18th, 1948.

"7. That the check so issued was only a partial payment based on the partial and first estimate by Ernest Durward Black, project engineer, and that full settlement by the Department of Highways has not been made to the contractor.

"8. That Horton-Pollard Contractor maintained no office in Caldwell Parish but its office was in Bossier City, Louisiana; that Marvin Pollard was, on September 1, 1948, and at all times since, and is now a resident of the Parish of Caddo, Louisiana; that William H. Smith, on September 1st, 1948, was, and at all times since, and now is a resident of Bossier Parish, Louisiana, and Ernest Durward Black was, on September 1st, 1948, and at all times since, and now is a resident of Jackson Parish, Louisiana."

The lower court overruled the pleas and defendants excepted to the rulings and reserved bills of exceptions. The defendants have invoked our supervisory jurisdiction to review the rulings of the lower court.

The first contention advanced by counsel for the defendants is to the effect that no substantial element of the crime was committed in Caldwell Parish. They take the position that the facts relied upon by the State as constituting an essential element of the crime are merely evidence of preparation to commit the offense.

The facts relied on by the State to establish a substantial element of the crime are, viz.: First, the road was wholly within Caldwell Parish; second, the materials were omitted from the project, thus the shortgage of the contractor was completed in Caldwell Parish; third, the records of the project engineer, alleged to be falsified to perfect the scheme, were kept there; and fourth, that the partial and first estimate, under which the alleged fraud was perpetrated, was made there and sent from that parish.

Article 13 of the Code of Criminal Procedure provides:

"All trials shall take place in the parish in which the offense shall have been committed, unless the venue be changed; provided that where the several acts constituting a crime shall have been committed in more than one parish, the offender may be tried in any parish where a substantial element of the crime has been committed."

It is provided in Section 9 of Article 1 of the Constitution that "All trials shall take place in the parish in which the offense was committed, unless the venue be changed."

Crimes in this State are statutory. Prior to the adoption of the short form of indictment, the true test was that the indictment should contain every element of the offense intended to be charged and should sufficiently apprise the defendant of what he must be prepared to meet.

Article 227 of the Code of Criminal Procedure provides:

"The indictment must state every fact and circumstance necessary to constitute the offense, but it need do no more, and it is immaterial whether the language of the statute creating the offense, or words unequivocally conveying the meaning of the statute, be used."

■ This article is nothing more than a codification of the basic law of this state and the jurisprudence relevant thereto as it existed at the time the Code of Criminal Procedure was adopted. It goes to the effect that by following the language of the statute or use of words conveying the meaning of the statute all the elements of a crime are set forth. In other words, the essential elements of a crime are those set forth in the statute. The law in this respect was not changed by the adoption of the Criminal Code because it is provided in Article 7 of the Criminal Code as follows: "A crime is that conduct which is defined as criminal in this Code, or in other acts of the legislature, or in the constitution of this state." The notes under this article of the Criminal Code state, "This article makes it clear that the Code continues the tradition that the Louisiana criminal law is purely statutory, there being no other crimes than those defined in the Code or other statutes of the state."

Theft is defined in Article 67 of the Criminal Code as follows:

"Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential."

■ We must ascertain the elements of the crime from the statutory definition. This article of the Criminal Code was designed and framed to cover and include the previous crimes of larceny, embezzlement, obtaining by false pretense, confidence game, etc. The offense is the taking or the misappropriation of a thing of value with the intent to deprive the owner permanently of it either without his consent or by means of fraudulent conduct, practices or representations. In this case the money claimed to be taken and misappropriated was the property of the Department of Highways whose offices are located at Baton Rouge. The money was obtained through a fraudulent estimate received by the department in Baton Rouge. Upon receipt of the estimate the Department of Highways mailed the check to the contractor in Bossier Parish where it was deposited to the contractor's account. The taking or misappropriation could not have occurred in Caldwell Parish because the check was issued in Baton Rouge and deposited in Bossier Parish. The facts re-

lied on by the State as constituting a substantial element of the crime are merely the preparation of a fraudulent scheme which was consummated in Baton Rouge by inducing the Department of Highways through a fraudulent estimate to part with the money. What induced the Department of Highways to part with the money was its reliance on the estimate it had received in Baton Rouge. The devising and arranging of the means necessary for the commission of a crime are nothing more than preparation for the commission of the offense. The manner or means employed in the perpetration of an offense are not an essential element of a crime except where they are made so in the statute defining the offense. The manner and means employed in the commission of a crime are varied and were they considered elements of an offense it would bring about chaos and there would be no standard to govern the courts in determining the elements of an offense.

The State contends that the prior jurisprudence dealing with the crimes of embezzlement, obtaining by false pretense, and confidence games are not applicable. It would appear that the language used in defining the crime of theft covers all of these offenses and by so doing did not contemplate that the prior jurisprudence in this respect would be affected. Be that as it may, the facts relied on by the State merely show a preparation to commit the crime which is not an essential element of the crime of theft as defined in Article 67 of the Criminal Code.

The State contends that the facts relied on are sufficient to support a conviction of an attempt to commit the offense which would be responsive to the charge. On the other hand, the defense points out that even though attempt to commit the offense would be responsive to the charge that the defendants are not charged with an attempt to commit the crime. It is pertinent to observe that mere preparation is not sufficient to constitute an attempt to commit a crime. Article 27 of the Criminal Code. In the notes under this article of the Criminal Code, it is pointed out that preparation has been generally defined as the devising or arranging of the means necessary for the commission of the crime. A mere reading of this article of the Criminal Code shows that in order to constitute an attempt there must be an act which tends directly towards the commission of the crime which will apparently result in its commission unless frustrated by extraneous circumstances.

Since we have arrived at the conclusion that no substantial element of the crime was committed in Caldwell Parish there is no necessity for us to pass on the constitutionality of Article 13 of the Code of Criminal Procedure or the other issues raised in this case.

For the reasons assigned, the judgment of the lower court is reversed and set aside.

The indictment is annulled and the defendants are herewith discharged.

HAWTHORNE, J., concurs in the decree.

O'NIELL, C. J., takes no part.