McCALEB, Justice.
 

 Appellant was convicted of attempted aggravated rape and sentenced to serve 18 years at hard labor in the State Penitentiary. During his trial he reserved one bill of exceptions, which was re-urged in a motion for a new trial and on which he relies on this appeal for a reversal of his conviction.
 

 The bill of exceptions was taken when the judge refused to give the following special requested charge to the jury:
 

 “To constitute an attempt there must be an act which tends directly towards the commission of the crime which will apparently result in its commission unless frustrated by extraneous circumstances.”
 

 In his per curiam to the bill the judge states, after a narration of the facts, that appellant was “ * * * not frustrated by any extraneous or external circumstances * * * ” and finally released his victim of his own accord for reasons known only to him. However, the judge refused to give the requested special charge for the reason that frustration of the commission of the intended crime by extraneous circumstance is not an essential element of an attempt and, hence, said charge was not wholly correct and wholly pertinent as required by Article 390 of the Code of Criminal Procedure (R.S. 15:390).
 

 Defense counsel argues that the judge committed reversible error in his ruling forasmuch as this Court, in State v. Pollard, 215 La. 655, 41 So.2d 465, stated that “A mere reading of this article [Article 27
 
 *787
 
 of the Criminal Code] * * * shows that in order to constitute an attempt there must be an act which tends directly towards the commission of the crime
 
 which will apparently result in its commission unless frustrated by extraneous circumstances.”
 
 (Words in brackets and italics ours). In addition, counsel cites similar language taken from Clark and Marshall, Law of Crimes (4th ed. 1940) sections 117, 118, p. 160.
 
 [1]
 

 We think the trial judge properly refused the requested special charge on the ground that it was not wholly correct. Article 27 of the Criminal Code (R.S. 14:27), so far as is pertinent here, defines an attempt as follows:
 

 '“Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
 

 “Mere preparation to commit a crime shall not be sufficient to constitute an attempt; * * *
 

 It is clear from the foregoing that an attempt to commit a crime, as defined in the statute, contains but two elements, viz., a specific intent and an overt act tending directly toward the accomplishment of the
 
 object.
 

 [2]
 

 State
 
 v.
 
 Murff, 215 La. 40, 39 So.2d 817. Hence, it is wholly unnecessary to constitute an attempt that the act tending directly towards the commission of the crime and which would have apparently resulted in its commission be
 
 thwarted by extraneous circumstances. The
 
 statute so says; for it provides “ * * * it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose”. It is sufficient if the act, accompanied by a specific intent,
 
 tended directly toward the
 
 accomplishment of the offender’s object.
 

 Thus
 
 it is seen
 
 that our statute is broader in its scope than the common law connotation of an attempt, as stated by Wharton, Clark and Marshall and as noted
 
 *789
 
 by obiter dictum in State v. Pollard, supra.
 
 [3]
 
 Indeed, the reporter’s comment on Article 27 expressly declares that the article “ * * adopts the Canadian view that it is immaterial whether there is an actual possibility of committing the offense”. There is no language contained in the statute which would warrant the Court in deducing that frustration of the consummation of the intended offense by extraneous circumstances is an ingredient of an attempt.
 

 ■ The conviction and sentence are affirmed.
 

 [1]
 

 . See. 117 — “It is said by Wharton : ‘To make the act an indictable attempt, it must go so far that it would result in the ■crime unless frustrated by extraneous circumstances.’ ” (1 Whart.Crim.Law (10th ■ed. Sec. 181)
 

 :Sec. 118 — “Acts Going Beyond Mere Preparation — If a man goes further than mere preparation^ and does an act that is not indifferent in itself, but tends directly •.towards the commission of the crime in
 
 tended, and
 
 which will apparently result in its commission unless frustrated by extraneous circumstances, ho is guilty of an attempt.”
 

 [2]
 

 . Also it is to be noted the statute specifies that an omission to perform an act may be an overt act, which will constitute the offense, when coupled with a specific intent and having for its object the accomplishment of the Crime.
 

 [3]
 

 . The language used in the Pollard case was not necessary to the decision. The Court there had under consideration the question of venue and concluded that no substantial element of the crime of theft had been committed in Caldwell Parish. In answer to an alternative argument by the State it was found that there could not have been an attempted theft committed in Caldwell Parish since only a preparation to commit the crime took place in that parish and that preparation alone is not sufficient to constitute an attempt under Article 27 of the Criminal Code. Whereupon, the Court gratuitously added the observation, which we now hold to be erroneous, that in order to constitute an attempt there must be an act which not only tends directly towards the commission of the crime but winch will apparently result in its commission unless frustrated by extraneous circumstances.