PER CURIAM.
The defendant, Johnny Collins, age 18, who was originally charged with simple escape, entered a plea to attempted simple escape and was sentenced to serve one year at hard labor. He now appeals asserting in a single assignment of error that the sentence was insufficiently articulated under the guidelines of LSA-C.Cr.P. Art. 894.1 and that it is unconstitutionally excessive. Finding adequate articulation and that the sentence is not unconstitutionally excessive, we affirm.
In January of 1987, the defendant was under the supervision of officials at the Louisiana Training Institute (LTI) in Monroe, Louisiana. On the evening of January 11, 1987, the defendant was told by a fellow detainee, Chris Byles, that someone was coming to pick him up the next day while he was out on a work detail. The defendant was asked by Chris Byles if he wanted to go with him and the defendant agreed. The next day, on January 12, 1987, while the two were on a work detail painting, they left the area they were assigned to, got into a waiting vehicle and made their getaway. They were stopped the next day in Natchitoches Parish and were ultimately returned to LTI in Monroe. Both Collins and Byles were charged with simple escape. Both parties eventually pled guilty to attempted simple escape. Byles was sentenced to serve fourteen months at hard labor, and Collins, the defendant herein, was sentenced to serve twelve months at hard labor.
LSA-La. Const. Art. 1 § 20 (1974) prohibits the imposition of excessive punishment. A constitutionally excessive sentence is one that is grossly out of proportion to the severity of the crime or makes no measurable contribution to acceptable goals of punishment and hence is nothing more than a purposeless and needless imposition of pain and suffering. State v. Brogdon, 457 So. 2d 616 (La.1984), cert. den. 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862, (1985), rehearing denied, 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985); State v. Richardson, 463 So.2d 853 (La.App. 2d Cir.1985); State v. Bolden, 501 So.2d 942 (La.App. 2d Cir.1987). However, the role of the appellate court in reviewing allegedly excessive sentences is not to substitute its own judgment for that of the trial court, *848 but rather to correct manifest abuses of discretion. State v. Jackson, 445 So.2d 62 (La.App. 2d Cir.1984). A trial judge is generally afforded wide discretion in imposing sentences within statutory limits, and such sentences should not be set aside as excessive absent a manifest abuse of that discretion. State v. Milton, 469 So.2d 309 (La.App. 2d Cir.1985), writs denied, 475 So.2d 778, 475 So.2d 1102 (La.1985).
In determining whether a sentence imposed is excessive, the sentencing court must consider two interrelated criteria. First, the record must reflect that the trial court considered the factors set forth in LSA-C.Cr.P. Art. 894.1. The next step is for the reviewing court to determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
The 894.1 sentencing guidelines provide the criteria to consider in determining whether a sentence is excessive. While the trial judge need not articulate every aggravating and mitigating circumstance outlined in the guidelines, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hobdy, 494 So.2d 1321, (La.App. 2d Cir.1986), writ denied, 502 So.2d 110 (La.1987). If there has been adequate compliance with the sentencing article, a sentence will not be set aside unless a manifest abuse of the trial judge’s wide sentencing discretion is shown. State v. Nealy, 450 So.2d 634 (La.1984); State v. Woods, 494 So.2d 1258 (La.App. 2d Cir.1986).
In sentencing the defendant in the instant case, the trial judge stated for the record that he had considered all eleven of the factors stated in LSA-C.Cr.P. Art. 894.-1. Although he did not review, factor by factor, each of these considerations, the record does indicate that his evaluation sufficiently individualized the sentence imposed and articulated a factual basis for such sentence. The record indicates that the trial judge was obviously and justifiably concerned that the criminal conduct here threatened to cause serious harm. Without question, an escape from a correctional or rehabilitational facility jeopardizes the lives and property of innocent bystanders as well as those who actively seek to thwart the escape. Fortunately, while such a threat was present in the instant case, no harm occurred.
The pre-sentence investigation report indicates that the defendant quit school after the ninth grade and went to work for a short time as a concrete finisher before getting into trouble and being sentenced to LTI. The defendant was sentenced to LTI on March 3, 1986 for criminal acts committed as a juvenile. His projected release date was January 23, 1989. He was serving this sentence when he chose to escape on January 12, 1987. The record reflects that the defendant’s attitude deteriorated upon his return to LTI. He was involved in several fights, was charged with aggravated disobedience, and was also charged with a theft at LTI. Even so, he was released on January 28,1987 on bond. The record reflects that the trial court considered all of these circumstances when it found the defendant in need of further correctional treatment and that a lesser sentence would deprecate the seriousness of his offense. The trial judge stated that he found escape from a correctional facility to be a very serious offense.
The trial judge was also of the opinion that the sentence had to act as a deterrent to others who may be inclined to either escape or attempt to escape. The defendant has argued that by attempting to send such a message, the trial judge has failed to adequately individualize this sentence to this offender. This argument is without merit. This court has noted that deterrence is a legitimate sentencing objective. State v. Tully, 430 So.2d 124, (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983); State v. Humphries, 463 So.2d 804 (La.App. 2d Cir.1985). Furthermore, it appears that the sentencing judge did concern himself with individualizing the sentence to the offender in this case when he stated for the record the aforementioned LSA-C.Cr.P. Art. 894.1 considerations as they applied to this defendant.
*849 The defendant has also asserted that the interests of justice would better be served by the imposition of a suspended sentence or the placing of the defendant, who is a first felony offender, on probation. However, a trial court is not required to render a suspended sentence or probation on a first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, supra.
In this respect, in the instant case the trial judge noted that defendant had a prior history of delinquency and that he was not likely to respond to probationary treatment in light of his past record. The trial judge also found an undue risk that additional criminal acts were likely to occur if the sentence were suspended or if the defendant was put on probation. The judge pointed to the defendant’s juvenile and employment record as a basis for this conclusion.
Furthermore, it is important to note that the defendant has received the minimum sentence for the offense of attempted simple escape, except that his sentence has been ordered to be at hard labor. The offense is punishable by a term with or without hard labor of not less than one year nor more than two and one-half years.
Most importantly, as a general rule, a simple escape sentence should not be suspended. Obviously, if suspended sentences are routinely imposed on those who escape custody, there is little to deter such a dangerous course of conduct. The legislature has indicated as much by the terms of LSA-R.S. 14:110 which provide that no sentence for either aggravated or simple escape may run concurrently with any other sentence.
The defendant has also submitted that his punishment, one year at hard labor, is disproportionately severe when viewed in contrast to the fourteen month sentence received by the mastermind of the plan, Chris Byles. Of course, this contention overlooks that the defendant was sentenced to the minimum term. He also complains that a sentence without hard labor is more appropriate for youthful offenders such as himself. The record reflects that the trial judge considered the defendant’s youth and his role in the escape as the only mitigating circumstances. Apparently, on balance, the trial judge found that the seriousness of the offense with its attendant risk of harm outweighed these factors. We find no abuse in the determination to impose a relatively short hard labor sentence of one year.
In conclusion, therefore, we find that the trial judge gave sufficient consideration to the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 as applied to the circumstances of this case and this particular defendant. Furthermore, the sentence imposed, considering the circumstances of this case and the background of defendant, is not unconstitutionally excessive and it is affirmed.
AFFIRMED.