WOODARD, Judge.
Defendant, Lionel Robinson, was charged by bill of indictment on February 4, 1991, with the crime of aggravated rape, a violation of La.R.S. 14:42, in that he allegedly committed rape upon a child under the age of twelve years. Defendant waived trial by jury. At the conclusion of all testimony, the court did not find sufficient evidence that penetration, as required by La.R.S. 14:41, had occurred. Thus, on July 29, 1991, defendant was found guilty by the court of the responsive verdict of attempted aggravated rape. Thereafter, the court sentenced him to serve twenty-five years at hard labor. Defendant now appeals alleging one assignment of error.
FACTS
Allegations of sexual abuse were first brought to the attention of the authorities by Ms. Melanie Allison, the mother of the eight-year-old victim. Ms. Allison first became aware of the alleged abuse a month after the last incident occurred, when her daughter asked to spend the night with a classmate. Ms. Allison denied her daughter’s request and explained in detail that this particular classmate had allegedly been sexually abused by her father. At that time, the victim began crying and eventually told her mother that her own father had done the same type of things to her.
Subsequently, the authorities, were notified and the victim was examined by Dr. Daniel R. Bourque, an obstetrician-gynecologist, who testified at trial that although a speculum exam would conclusively prove whether the hymen was intact, it had not been conducted due to the age of the victim. A visual exam of the external genitalia was also conducted but no abnormalities or signs of trauma were evident. It was Dr. Bourque’s professional opinion that the hymen was not intact.
Two specific allegations form the basis of the charge of attempted aggravated rape. Both incidents occurred at the home of Cindy Thomas, girlfriend of Lionel Robinson. On each occasion, the victim and her father were alone in the house. The first incident occurred in the bedroom of Ms. Thomas’ home. The victim testified that her father asked her to remove her clothing while he did the same. As she lay on the bed, he stood in front of her and “put his penis in my tutu.”
The second incident occurred in the living room of Ms. Thomas’ home. On this occasion, both the victim and her father were completely nude, she laying on top of him, watching television. No penetration or attempted penetration appear to have occurred. The defendant, Lionel Robinson, denied that the two specified incidents ever occurred.
The victim was repeatedly questioned about the occurrence of both events. *1043 Throughout her testimony, she consistently recounted the events related above. However, because the trial court found statements about whether penetration occurred inconclusive, the court determined that the evidence offered was insufficient to support actual penetration as required by La. R.S. 14:41. Therefore, the court directed a verdict of acquittal as to the charge of aggravated rape. However, the trial court found sufficient evidence to support the finding of attempted aggravated rape. Consequently, defendant was found guilty and sentenced to twenty-five (25) years at hard labor.
ASSIGNMENT OF ERROR:
By this assignment of error, defendant contends that the evidence is not sufficient to support the conviction of attempted aggravated rape.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979), State ex rel. Graffagnino v. King, 436 So.2d 559, at 563 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. In the instant case, defendant was charged with aggravated rape, a violation of La.R.S. 14:42(A)(4), which is defined in pertinent part as follows:
A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
$ ⅝ * ⅜ * ‡
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim’s age shall not be a defense.
However, defendant was acquitted of the charge of aggravated rape because the trial court found the essential element of penetration, as required by La.R.S. 14:41, was not proven beyond a reasonable doubt. La.R.S. 14:41 defines rape as follows:
A. Rape is the act or anal or vaginal sexual intercourse with a male or female person committed without the person’s lawful consent.
B. Emission is not necessary and any sexual penetration, vaginal or anal, however slight is sufficient to complete the crime.
Although the requisite element of penetration was not sufficiently proven, the trial court did determine that all essential elements of attempted aggravated rape were present.
La.R.S. 14:27(A), in part, defines attempt as:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his. purpose.
Moreover, the specific intent referred to in La.R.S. 14:27(A) is defined in La.R.S. 14:10(1) as follows:
(1) Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.
The commission of attempted aggravated rape requires the presence of spe *1044 cific intent to commit the greater crime of aggravated rape. State v. Jackson, 445 So.2d 62 (La.App. 2 Cir.1984). In order to commit attempted aggravated rape, the offender must actively desire “to commit rape by overcoming victim’s utmost resistance by force; preventing victim from resisting by threats of great and immediate bodily harm, accompanied by apparent power of execution; is armed with a dangerous weapon; or having anal or vaginal intercourse with the victim under the age of twelve years.” La.R.S. 14:27, 14:41, 14:42. State v. Gray, 461 So.2d 627 (La.App. 1 Cir.1984).
According to the Indictment the defendant committed the crime between August and November of 1990. Additionally the eight-year-old victim testified there are two specific occasions on which the alleged sexual abuse occurred. At one point the victim testified:
A. He was standing up by me and he had his penis and he was sticking it in me going around and around.
Q. He was sticking it in you, going around and around?
A. He was like — he was like going everywhere like—
Q. Like putting it on you?
A. Yes, sir.
Q. Like putting it on your legs?
A. No, sir.
Q. Putting it in you?
A. Yes, sir.
Q. And you found this to be uncomfortable?
A. Yes, sir.
Q. But it didn’t hurt?
A. No, sir.
In direct contradiction to the victim’s testimony, the defendant denied the occurrence of either incident. Defendant testified that he and his daughter attended activities on two separate occasions during the relevant time period (August — November of 1990). However, defendant denied ever being alone with his daughter in Ms. Thomas’ home. Defendant further testified that on the first occasion he and his daughter attended a local high school football game. After the game, defendant brought his daughter to McDonald’s and then dropped her off in her mother’s care.
The second occasion also centered around a high school football game. Defendant testified that he and his daughter were joined by nephew and a friend. Defendant’s recollection of the events was corroborated by his nephew, Calvin Robinson, who testified that he and a friend joined the defendant and his daughter for the football game. After the game they dropped her off because the defendant did not want his daughter to see him drink. Furthermore, defendant testified he and the victim’s mother were in conflict because the defendant could not spend time with his daughter due to his work schedule. Thus, the trial court faced conflicting stories from both the defendant and the victim.
However, the trial court found, “To have accomplished or for her to have developed a scenario, I don’t think that a child eight years of age would have been in a position to know that. For that reason I believe her. Of course, this defendant’s got a lot to lose. He’s got a motive not to tell the truth.” Because the trial judge is in a better position to evaluate the credibility of the witnesses, his determination concerning credibility is entitled to great weight, and should not be disturbed unless clearly erroneous. State v. Gaines, 347 So.2d 1153 (La.1977); State v. Washington, 364 So.2d 949 (La.1978). There is no indication that the determinations of credibility were “clearly erroneous.” Therefore, the trial court’s decision to adopt the victim’s testimony as the most plausible should not be disturbed.
In brief defendant alleges that the evidence does not support a finding that (1) defendant actively desired to have sexual intercourse with his daughter who was under the age of twelve, and (2) did an act for the purpose of accomplishing that object. Defendant places great weight on the following facts. First, the defendant was alone with this young girl and there was nothing to stop him if he desired to have sexual intercourse with her. Second, there *1045 was no indication that anybody had come into the home or bedroom cutting short the desired activity. Third, there was no indication that the victim resisted to such an extent that sexual intercourse would have been impossible.[1] Finally, the defendant relies on the trial court’s determination that there was insufficient evidence to find penetration occurred.
In State v. Porter, 191 So.2d 498 (La.1966), the court determined that an “attempt” to commit a crime requires only specific intent and an overt act tending toward the accomplishment of the object. The court further interpreted La.R.S. 14:27 by finding there was no language in the statute which would warrant the court in finding that the “frustration of the consummation of the intended offense by extraneous circumstances is an ingredient of an attempt.” State v. Porter, supra, at 500. We are of the opinion that defendant’s contention that “there was nothing stopping him” must fail in light of the Porter rationale. Moreover, specific intent can be formed in an instant. State v. Maxey, 527 So.2d 551, at 555 (La.App. 3 Cir. 1988), writ denied, 541 So.2d 868 (La.1989). Although the trial court could not conclusively determine penetration occurred, the young victim stated that on one occasion her father put his penis in her “tutu” and that he put his “wrong place” in her “wrong place”. Even though the trial court found that there was not enough evidence for penetration; we feel that defendant’s actions constitute an “act in furtherance of” penetration. The defendant’s “instantaneous” specific intent is a state of mind and need not be proven as fact but may be inferred from the circumstances and actions of the defendant. State v. Boyer, 406 So.2d 143 (La.1981); State v. Maxey, supra. Thus, defendant’s contention and that he did not have specific intent must fail. When the evidence is considered in the light most favorable to the prosecution, any rational trier of fact could have concluded beyond a reasonable doubt that the defendant had the specific intent and committed an act in furtherance thereof. Therefore, we feel the state proved all of the elements of the crime of attempted aggravated rape beyond a reasonable doubt.
Therefore, this assignment of error lacks merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. Defendant’s brief conflicts with his testimony at trial in that during the trial he specifically stated he was never alone with his daughter.