| .CHEHARDY, Judge.
On March 21, 2001, the Jefferson Parish District Attorney filed a bill of information charging Amanda Clouatre and Penny Plaisance, defendant herein, as accessories after the fact to second degree murder, in violation of LSA-R.S. 14:25:3o.!.[1] Defendant pled not guilty. Later, she filed a motion quash the bill of information, which her co-defendant joined. After a hearing, the trial court granted defendants’ motion on the basis that venue was improper in Jefferson Parish. The State appeals that ruling.

FACTS

Because this is an appeal from the granting of a motion to quash, the record in this case provides limited facts.[2] The record does reflect that Richard Sheppard was a suspect in a homicide that occurred in Jefferson Parish. |,.Sometime between February 1, 2001 and February 5, 2001, defendant and co-defendant allegedly obtained money in Jefferson Parish from a Jefferson Parish resident in order to purchase food in Jefferson Parish, purchased and prepared said food in Jefferson Parish, obtained transportation from the same Jefferson Parish resident and brought the food to Sheppard in the French Quarter, which is located in Orleans Parish.

DISCUSSION

The State argues the trial court erred in quashing the bill of information on the grounds of improper venue because at least one act constituting an element of the crime of accessory after the fact was committed in Jefferson Parish. In particular, the State maintains that the defendants’ acts of purchasing and preparing the food took place in Jefferson Parish and, because the acts were to aid an offender who allegedly has committed a felony, such preparatory acts satisfy the first element of the crime of accessory after the fact.
*274 In a pre-trial motion, the burden is on the State to prove proper venue by a preponderance of the evidence. State v. Frank, 355 So.2d 912, 914 (La.1978). Article I, Section 16 of the Louisiana Constitution provides that every person charged with a crime has the right to an impartial trial “in the parish where the offense or an element of.the offense occurred, unless venue is changed in accordance with the law.” LSA-C.Cr.P. art. 611 restates this constitutional requirement and further provides that “[i]f acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred.”
The location of an offense is determined from the nature of the crime alleged and the location of the act(s) constituting it. State v. Joshlin, 99-1004 (LaJl/19/00),4 752 So.2d 834, 837. “A court must first identify the conduct of the offense and then discern the location of the commission of the criminal acts.” Id.
Here, the issue is whether an act or element of accessory after the fact occurred in Jefferson Parish. An accessory after the fact is defined by La. R.S. 14:25 as
any person, who after the commission of a felony, shall harbor, conceal, or aid the offender, knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may avoid or escape from arrest, trial, conviction, or punishment.
In granting the motion to quash, the trial court found that the defendants aided Mr. Sheppard by providing him with food. The trial court further determined that the location of the aid was Orleans Parish where the defendants gave Mr. Sheppard the food and where Mr. Sheppard acquired the food.
At the hearing on the motion to quash and in its appellate brief, the State maintains that the aid was a continuous sequence of events that began when the defendants formed the idea to render aid until they concluded their intended plan. In essence, the State contends that the element .of intent is a separate element of the offense of accessory after the fact which can be present apart from the act of aiding the fugitive.
The Louisiana Supreme Court was faced with a similar argument in State v. Frank, 355 So.2d 912 (La.1978). In Frank, the defendant was charged in Orleans Parish with, forgery.[3] It was alleged defendant took a check drawn on a New Orleans bank from the New Orleans bank, forged the check and deposited the check in a Baton Rouge bank. There was no evidence of where the actual act of 1 gorging the signatures occurred. The trial court granted defendant’s motion to quash on the basis venue was improper in Orleans Parish.
The Louisiana Supreme Court upheld the quashing of the bill of information on the basis that the State failed to prove by a preponderance of the evidence that any constituent act or element of forgery occurred in Orleans Parish. The supreme court examined the forgery statute and found that the essential element of “intent to defraud” was not separable from the actual single act of forging or transferring a forged document. As such, the supreme *275 court rejected the contention that the element of fraudulent intent, allegedly demonstrated by defendant’s acts in Orleans Parish, constituted an element of the forgery offense.
The supreme court determined that the offense of forgery contemplated a single act because the statute did not require a showing of the forgery or transfer coupled with fraudulent activity so as to make acts occurring before or after the forgery or transfer an element of the crime. Thus, the court concluded the exclusive act constituting a forgery offense occurs when the forging or the transferring takes place. See also, State v. Pollard, 215 La. 655, 41 So.2d 465 (1949) (evidence of preparation to commit the crime of theft did not constitute an essential element of the offense.)
While it is true that the Louisiana Supreme Court recently found in State v. Joshlin, 99-1004 (La.1/19/00), 752 So.2d 834, that certain preparatory acts constituted an element of the crime of insurance fraud, we find that the statute that defines the crime of accessory after the fact criminalizes the act of aiding a fugitive rather than the preparatory acts necessary to render the aid and, thus, is more analogous to the theft statute discussed in Pollard. Unlike the insurance fraud statute discussed in Joshlin, the accessory after the fact statute does not contain broad language that could be interpreted to include preparatory acts in the offense. As such, we find that the offense of accessory after the fact occurs when |fithe aid is rendered to the fugitive with the state of mind to help his escape, arrest, trial, conviction or punishment.
Here, it is undisputed that the defendants gave Mr. Sheppard food in Orleans Parish. The fact that the preparations occurred in Jefferson Parish does not constitute an essential element of the crime of accessory after the fact. We find that the trial court properly granted defendant’s motion to quash on the basis of improper venue.
According to LSA-C.Cr.P. art. 920, we have also reviewed the record for errors patent. We find no errors patent that require remand.

AFFIRMED.

. Co-defendant, Amanda Clouatre, has a companion appeal which is lodged as 01-KA-1004.

. At the hearing on the motion to quash, defense counsel stipulated to the police report as the factual basis for the motion. However, the police report was never made a part of the record. In fact, no testimony was taken and no evidence was submitted during the hearing.

. Forgery is defined as the “false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy. Issuing or transferring, with intent to defraud, a forged writing ... shall also constitute forgery.” LSA-R.S. 14:72.