Stephen J. Windhorst, Judge.
^Defendant pled guilty to one count of possession of a controlled dangerous substance by fraud, in violation of LSA-R.S. 40:97lB(l)(i), reserving the right to challenge the denial of his motion to quash pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to three years with the Department of Corrections, suspended, and three years active probation. This appeal followed.
Because the defendant pled guilty, no facts were developed at a trial. The preliminary examination conducted in this matter presented evidence that showed that defendant fraudulently obtained prescriptions from a Dr. Murphy at his office in Kenner, Jefferson Parish, Louisiana. The defendant had those prescriptions filed at a CVS Pharmacy in St. Charles Parish, Louisiana.
Defendant originally was charged with six counts of “possession of a controlled dangerous substance by fraud,” in violation of La. R.S. 40:971B. He pled guilty to count one, and counts two through six were dismissed. Thereafter, defendant sought to withdraw his guilty plea, alleging that his plea was constitutionally invalid because it did not comport with the offense charged in the bill of information. The state amended count one of the bill of information, to | ^clarify that defendant was being charged with violating La. R.S. *283 40:971B(i) [sic J.[1] The trial court granted defendant’s motion to withdraw his plea and, on the same day, the defendant entered a plea of guilty to the amended charge, again preserving his right to appeal under Crosby. In this appeal, defendant assigns as error the trial court’s denial of his motion to quash based on improper venue.
Defendant pled guilty to La. R.S. 40:971B(l)(i), which provides that:
It shall be unlawful for any person knowingly or intentionally to obtain or seek to obtain any controlled dangerous substance or a prescription for a controlled dangerous substance from a health care practitioner, while being supplied with any controlled dangerous substance or a prescription for any controlled dangerous substance by another health care practitioner, without disclosing the fact of the existing prescription to the practitioner from whom the subsequent prescription for a controlled dangerous substance is sought.
Article I, Section 16 of the Louisiana Constitution provides that every person charged with a crime has the right to an impartial trial “in the parish where the offense or an element of the offense occurred, unless venue is changed in accordance with the law.” State v. Plaisance, 01-1040 (La.App. 5 Cir. 3/26/02), 815 So.2d 272, 274.
La.C.Cr.P. art. 611 provides in pertinent part:
A. All trials shall take place in the parish where the offense has been committed, unless the venue is changed. If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred.
The location of an offense is determined from the nature of the crime alleged and the location of the act(s) constituting it. A court must first identify the conduct of the offense and then discern the location of the commission of the criminal acts. State v. Joshlin, 99-1004 (La.1/19/00), 752 So.2d 834, 837.
| Jn his motion to quash, defendant argued that “the particular facts of the charges involve the fact that the accused was ‘doctor shopping’ in that he fraudulently obtained prescription medication from a Dr. George Murphy whose practice and office is located at 617 West Esplanade Avenue, Suite 100, in Kenner, Louisiana.” Defendant contended that the key element to the offense is fraud committed upon the doctor in obtaining the prescription, not fraud of the pharmacy where the prescription is filled. Therefore, argued defendant, because the prescriptions he possessed were fraudulently obtained from a physician in Jefferson Parish,[2] St. Charles Parish was an improper venue under La.C.Cr.P. art. 611.
In his appeal brief, defendant again claims that venue is improper in St. Charles Parish because under the charged “doctor shopping” statute, namely La. R.S. 40:971B(l)(g), the elements of the offense are the obtaining of a prescription from a doctor by fraud, and not the filling of the fraudulently obtained prescription at the pharmacy. Defendant contends that since he obtained his prescription by fraud from *284 a doctor in Jefferson Parish and only filled the prescription at a pharmacy in St. Charles Parish, his motion to quash should have been granted. Defendant further argues that the statute criminalizes the obtaining or attempting to obtain a prescription for a controlled dangerous substance by fraud, and not the actual possession of the controlled dangerous substance.
The State counters that, pursuant to the statute, venue was proper where the prescription was obtained or where possession of the controlled dangerous substance was obtained.
|sThe defendant’s contentions are merit-less. Contrary to his assertion,[3] defendant was charged with, and pled guilty to, violating La. R.S. 40:971B(l)(i), which makes it a crime for any person “knowingly or intentionally to obtain or seek to obtain any controlled dangerous substance or a prescription for a controlled dangerous substance from a health care practitioner” (emphasis added) while being supplied with a prescription for any controlled dangerous substance by another health care practitioner, and without disclosing the fact of the existing prescription. Under this subsection, the commission of the criminal act is the obtaining of the controlled dangerous substance or obtaining of a prescription for the controlled dangerous substance from a health care practitioner. La. R.S. 40:961 defines a practitioner as a “physician, dentist, veterinarian, scientific investigator, pharmacy, hospital]/]” (Emphasis added.) We conclude that, in this case, venue is proper in either Jefferson Parish or St. Charles Parish since the prescription was obtained from a physician in Jefferson Parish and the controlled dangerous substance was obtained at a CVS pharmacy located in St. Charles Parish.
We find the trial court did not err in denying defendant’s motion to quash on grounds of improper venue.
We have reviewed the record for errors patent according to the mandates of La. C.Cr.P. art 920; State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) and find none which merit corrective action.
For the above discussed reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. La. R.S. 40:971B(l)(i).

. When defendant obtained the prescription in Jefferson Parish, he failed to inform the physician that he had also obtained prescriptions in the state of Texas.

. Contrary to defendant's assertion, he was not charged with violating La. R.S. 40:971B(l)(g), under which venue would have been proper only in Jefferson Parish where defendant procured the prescription by fraud.